PER CURIAM.
General Accident Fire and Life Insurance Corp., Ltd., (General), seeks certiorari review of the trial court’s order in a third party bad faith action requiring production of certain documents that General contends are protected by the attorney-client privilege and rules governing work product. We deny the petition.
General acknowledges the general rule for discovery in third-party bad faith actions, as stated in Dunn v. National Security Fire and Casualty Co., 631 So.2d 1103 (Fla. 5th DCA 1994):
In bad faith suits against insurance companies for failure to settle within the policy limits, all materials in the insurance company’s claim file up to the date the judgment in the underlying suit are obtainable, and should be produced when sought by discovery. Additional memos or documents in the file after date of the judgment can be obtained with a showing of good cause.
Discovery of the insurer’s claim file and litigation file is allowed in a bad faith case over the objections of the insurer that production of the file would violate the work product or attorney/client privilege. The rationale ... is because the injured third party “stands in the shoes” of the insured party in a third party bad faith case and the insurer owed a fiduciary duty to its insured.
631 So.2d at 1109 (citations omitted).
However, General alleges that the trial court erroneously followed Dunn because in the instant case the relationship with the insured has been adversarial from the time the claim was first made and coverage was denied. We disagree. Dunn is applicable because, although the issue of coverage has been contested from the inception of the claim, that issue was judicially resolved against General. Once coverage was determined to exist, the fiduciary obligation existed from the time General received notice of the claim.
DENIED.
PETERSON, DIAMANTIS and THOMPSON, JJ., concur.