748 So.2d 986 (1999)
Acencion MEDRANO, Petitioner,
v.
STATE of Florida, et al., Respondents.
No. 93,997.
Supreme Court of Florida.
October 14, 1999.
Acencion Medrano, Belle Glade, Florida, Petitioner, pro se.
Robert A. Butterworth, Attorney General, and Celia Terenzio and Carol Cobourn Asbury, Assistant Attorneys General, West Palm Beach, Florida, for Respondent.
QUINCE, J.
Acencion Medrano (Medrano) seeks relief in this Court based on the following question certified by the Fourth District Court of Appeal to be of great public importance:
IS A PETITIONER ENTITLED TO FILE A BELATED RULE 3.850 MOTION. FOR COLLATERAL RELIEF IF HE CAN PROVE THAT PRIVATE-RETAINED COUNSEL AGREED TO FILE A TIMELY RULE 3.850 MOTION. FOR COLLATERAL RELIEF BUT FAILED TO DO SO?
Medrano v. State, 719 So.2d 15, 16 (Fla. 4th DCA 1998). We have jurisdiction pursuant to article V, section 3(b)(4), of the Florida Constitution. For the reasons expressed below, we answer the certified question in the affirmative.
Medrano was convicted of first-degree murder in 1994. Following his direct appeal, Medrano retained private counsel, whom, he asserts, he directed to pursue collateral relief proceedings. No motions for collateral relief were filed on Medrano's behalf. However, the evidence demonstrates that Medrano was in communication *987 with private counsel regarding the pursuit of postconviction relief.
After the two-year window for submission of a motion under Florida Rule of Criminal Procedure 3.850 had passed, Medrano initiated a petition for writ of habeas corpus seeking the right to file a belated 3.850 motion based on the ineffectiveness of his collateral counsel. In his petition, Medrano argued that he had hired private counsel to pursue a motion for postconviction relief and that the lawyer had failed to do so.
The Fourth District denied the petition as premature, since Medrano had never filed a rule 3.850 motion. The petition was denied without prejudice and acknowledged that Medrano was entitled "to file in the circuit court a rule 3.850 motion, raising such claims as are not time-barred, since there is a possibility that petitioner may raise one or more grounds which fall within one of the exceptions to the two-year time limit of rule 3.850(b)." Medrano, 719 So.2d at 16. The court also certified a question similar to the one certified by the Fifth District in Steele v. Kehoe, 724 So.2d 1192 (Fla. 5th DCA 1998).
The issue presented in this case was recently decided by this Court in Steele v. Kehoe, 747 So.2d 931 (Fla.1999). Writing for the majority, Justice Overton noted this Court's agreement with the Fifth District Court of Appeal that "due process entitles a prisoner to a hearing on a claim that he or she missed the deadline to file a rule 3.850 motion because his or her attorney had agreed to file the motion but failed to do so in a timely manner." Id. at 5238, at 934. Accordingly, we held that "if the prisoner prevails at the hearing, he or she is authorized to belatedly file a rule 3.850 motion challenging his or her conviction or sentence." Id.
Thus, under Steele, a defendant in Medrano's position must petition the court for a writ of habeas corpus citing the failure of counsel to timely file the necessary pleadings after being asked to do so by the defendant. Thereafter, the court will conduct a hearing on the merits of the claim that counsel agreed to file a 3.850 motion, but failed to timely do so. This procedure is consistent with rule 3.850(b)(3) as revised by Steele.[1]
In closing, we note that the Fourth District, while acknowledging that Medrano might have some right to file a belated 3.850 motion, found Medrano's claim under the writ of habeas corpus premature. Unlike the defendant in Steele, Medrano did not file a belated 3.850 motion that was rejected as untimely. Instead he applied for relief via his habeas petition. We find that the policy set forth in Steele does not contemplate that Medrano engage in the futile effort of filing a 3.850 motion, only to have it denied as untimely. Thus, Medrano is entitled to an immediate assessment of the claims brought in his habeas petition.
Accordingly, we quash the Fourth District's determination that the issue before *988 it was premature. On remand, Medrano should have his claim concerning counsel's failure to timely file a postconviction motion heard in the circuit court. If he is successful, Medrano may, contrary to the contention of the district court, raise all of the issues he alleges entitle him to relief in a belated 3.850 motion.
The decision of the Fourth District Court of Appeal is quashed and the case is remanded for further proceedings.
It is so ordered.
HARDING, C.J., and SHAW, ANSTEAD, PARIENTE and LEWIS, JJ., concur. WELLS, J., concurs with an opinion.
WELLS, J., concurring.
For the reasons stated in my opinion in Steele v. Kehoe, 747 So.2d 931 (Fla.1999), I concur in the result in this case but do so on the basis of applying the amended Florida Rule of Criminal Procedure 3.850 to petitioner.
NOTES
[1] In Steele v. Kehoe, 747 So.2d 931, 934 (Fla. 1999), Florida Rule of Criminal Procedure 3.850(b) was amended to read as follows:

(b) Time Limitations. A motion to vacate a sentence that exceeds the limits provided by law may be filed at any time. No other motion shall be filed or considered pursuant to this rule if filed more than 2 years after the judgment and sentence become final in a noncapital case or more than 1 year after the judgment and sentence become final in a capital case in which a death sentence has been imposed unless it alleges that
(1) the facts on which the claim is predicated were unknown to the movant or the movant's attorney and could not have been ascertained by the exercise of due diligence, or
(2) the fundamental constitutional right asserted was not established within the period provided for herein and has been held to apply retroactively, or
(3) the defendant retained counsel to timely file a 3.850 motion and counsel, through neglect, failed to file the motion.