SORONDO, J.
Jeffrey J. Weiss appeals the trial court’s order awarding attorneys’ fees against him as a discovery sanction in this accounting malpractice action. We conclude that the record before us fully supports the trial judge’s determination that sanctions were appropriate and commend the judge for taking decisive action to punish Weiss’ dilatory discovery tactics. We affirm the trial judge’s order in as much as it finds that sanctions were warranted. We must, however, reverse the award of attorneys’ fees.
At a hearing on the last of many motions for sanctions, Rachlin and Cohen (R&C) claimed that it had been seeking the accounting documents at issue as well as an explanation of the basis of Weiss’ claim for six years and Weiss had failed to produce same until the week before trial. R&C represented to the court that it had been asking Weiss to produce all of the books and records it had allegedly misread for six years; that Weiss had continually failed to produce these records and failed to provide the details regarding its claim; and that Weiss’ obstruction of the discovery process continued to the present, as he failed to answer interrogatories propounded in 1998.
The court asked R&C’s counsel how much time he had spent due to Weiss’ evasiveness. Counsel described all of his discovery efforts to the judge but candidly admitted that he had not calculated all of his billable hours. When pressed by the court for an estimate, he replied, “probably 50 hours.”
The court noted that counsel for Weiss was “playing games” by refusing to produce the documents. The court ruled Weiss had to pay R&C $10,000 in attorney’s fees (50 hours at $200 per hour) and that he would not be allowed to go to trial until the award was paid.
Counsel’s “guesstimate” of how many hours he expended as a result of Weiss’ dilatory discovery tactics was legally insufficient to justify the award in question. See Nordyne, Inc. v. Florida Mobile Home Supply, Inc., 625 So.2d 1283 (Fla. 1st DCA 1993); Martin v. Laidlaw Tree Serv., Inc., 619 So.2d 435 (Fla. 2d DCA 1993). Likewise, the hourly figure of $200 per hour is also unsupported by the record. We therefore reverse the award and remand for further proceedings. On remand, the trial judge will conduct an evidentiary hearing at which R&C will be allowed to present evidence of the number of hours it was forced to expend as a result of Weiss’ foot dragging. Testimony will also be taken reference what an appropriate hourly *529 wage for counsel is in this case. We recognize that the number of hours actually expended by counsel for R&C, like the ultimate hourly wage awarded, may be less or greater than that initially awarded by the trial judge.
Affirmed in part; reversed in part, and remanded with instructions.