763 So.2d 505 (2000)
TUTOR TIME MERGER CORP. f/k/a Tutor Time Child Care Systems, Inc. and Lifecare Acquisitions Corp., Appellants,
v.
KEVIN MeCABE, Meryl Carlin MeCabe, and Children's First Learning Center, Inc., Appellees.
No. 4D99-4123.
District Court of Appeal of Florida, Fourth District.
July 19, 2000.
*506 Craig J. Trigoboff and Scott M. Behren of Waldman, Feluren & Trigoboff, P.A., Fort Lauderdale, for appellants.
No brief filed for appellees.
PER CURIAM.
We reverse the trial court's order awarding attorney's fees as a sanction against appellants for discovery violations. Although we find no abuse of discretion in the trial court's decision to impose sanctions pursuant to Florida Rule of Civil Procedure 1.380(b)(2), we reverse the award of attorney's fees because the record contains no competent substantial evidence to support the award.
An award of attorney's fees must be supported by substantial competent evidence and contain express findings regarding the number of hours reasonably expended and a reasonable hourly rate for the type of litigation involved. Rodriguez v. Campbell, 720 So.2d 266 (Fla. 4th DCA 1998); Kelly v. Tworoger, 705 So.2d 670 (Fla. 4th DCA 1998); In re Estate of Lopez, 410 So.2d 618 (Fla. 4th DCA 1982). Additionally, the award must be supported by expert evidence, including the testimony of the attorney who performed the services. Rodriguez, 720 So.2d at 267 (citing Cohen v. Cohen, 400 So.2d 463 (Fla. 4th DCA 1981)). The same principle applies whether the attorney's fee award is postjudgment or a discovery sanction. Nordyne, Inc. v. Florida Mobile Home Supply, Inc., 625 So.2d 1283, 1289 (Fla. 1st DCA 1993); Weiss v. Rachlin and Cohen, 745 So.2d 527 (Fla. 3d DCA 1999).
Generally, when the record on appeal is devoid of competent substantial evidence to support the attorney's fee award, the appellate court will reverse the award without remand for additional evidentiary findings. Rodriguez, 720 So.2d at 268 (citing Warner v. Warner, 692 So.2d 266, 268 (Fla. 5th DCA 1997); Cooper v. Cooper, 406 So.2d 1223 (Fla. 4th DCA 1981)). Here, the record contains no evidence whatsoever regarding the number of hours reasonably expended as a result of the discovery violations or a reasonable hourly rate; it contains only the trial judge's response, when he was questioned about how he arrived at the $2000 fee amount, that he chose it "out of the air." We therefore reverse the fee award without remand.
REVERSED.
DELL, SHAHOOD and TAYLOR, JJ., concur.