775 So.2d 338 (2000)
FORTUNE INSURANCE COMPANY, Petitioner,
v.
Lauren P. GREENE, as Trustee of the Bankruptcy Estate of Albert Clinton Leavitt, Jr., Respondent.
No. 2D00-267.
District Court of Appeal of Florida, Second District.
August 25, 2000.
Diane H. Tutt, of Diane H. Tutt, P.A., Plantation, for Petitioner.
Lefferts L. Mabie, III, Tampa, and Philip M. Burlington of Caruso, Burlington, Bohn & Compiani, P.A., West Palm Beach, for Respondent.
PER CURIAM.
Fortune Insurance Company (Fortune) seeks certiorari review of a trial court order requiring it to produce documents that it alleges are protected by the attorney-client privilege and/or the work product doctrine. Because a portion of the documents that Fortune was directed to produce are shielded from discovery, the petition for writ of certiorari is granted in part and denied in part.
The respondent, Lauren P. Greene, is the plaintiff in the action below and the trustee of the bankruptcy estate of the insured, Albert Leavitt. Leavitt was in an automobile accident and was sued as a result of the accident. His insurer, Fortune, defended the suit after an adverse judgment in a declaratory judgment action filed by Fortune to determine coverage.
Leavitt suffered an adverse judgment in excess of the policy limits. He then sued Fortune for bad faith in investigating and handling the claim, failure to admit coverage, failure to attempt to settle competing claims within policy limits, and failure to communicate with Leavitt concerning settlement opportunities and the possibility of an excess judgment.
*339 Fortune objected to document requests which included, according to Fortune, documents protected by the attorney-client privilege and/or the work product doctrine. Fortune submitted the documents to the trial court for in-camera inspection, and the court compelled the production of the disputed documents.
Fortune incorrectly asserts that documents generated before coverage was established are protected. When coverage is established through a declaratory judgment action, the insurer's fiduciary relationship with the insured dates back to the time the claim is made. See General Accident Fire & Life Ins. Corp., Ltd. v. Boudreau, 658 So.2d 1006 (Fla. 5th DCA 1994). Fortune is correct that attorney-client communications and work product documents generated to assist in its defense of the bad faith claim are exempt from discovery. See United Servs. Auto. Ass'n v. Jennings, 731 So.2d 1258, 1260 (Fla.1999). Consequently, the trial court is directed to reexamine the disputed documents in-camera and remove those documents which fall into the latter category.
Petition granted in part and denied in part.
BLUE, A.C.J., and FULMER and WHATLEY, JJ., Concur.