780 So.2d 231 (2001)
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Petitioner,
v.
Jo Carol KENDRICK, Respondent.
No. 3D00-2949.
District Court of Appeal of Florida, Third District.
February 14, 2001.
Rehearing Denied April 4, 2001.
*232 Akerman Senterfitt & Eidson and Marcy Levine Aldrich and Nancy A. Copperthwaite, for petitioner.
Angones, Hunter, McClure Lynch & Williams and Christopher J. Lynch, for respondent.
Before GODERICH and SORONDO, JJ., and NESBITT, Senior Judge.
NESBITT, Senior Judge.
State Farm Automobile Insurance Company seeks certiorari review of a trial court order requiring it to produce documents that it alleges are protected by the attorney-client privilege and/or the work product doctrine, as well as the award of fees which followed. Because we find that the procedure that the trial judge ordered the parties to follow amounted to an improper delegation of judicial function, and some of the documents at issue may be shielded from discovery, the petition for writ of certiorari is granted.
Jo Carol Kendrick, plaintiff in the underlying class action suit for declaratory relief pursuant to Section 86.061 Florida Statutes (1999), is seeking to represent all State Farm insureds in Florida involved in auto collisions allegedly entitled to "uncompensated property losses."[1] On April 11, 2000 the plaintiff noticed the deposition of Griff Williams, the individual at State Farm who is responsible for overseeing subrogation. The deponent was directed to produce, at his deposition, certain State Farm documents which had been filed in another case, as well as certain documents relating to subrogation refund procedures. State Farm and the deponent filed a Motion for a Protective Order. The trial court denied that motion. At the deposition that followed, however, the deponent maintained he was appearing in his "individual capacity" rather than "corporate capacity" and that he had not brought the requested documents. Moreover, it appeared that State Farm's counsel had not shown the subpoena ducas tecum to the deponent prior to the deposition.
Kendrick argued to the trial court that rather then producing documents, witnesses, and information as requested, State Farm was making her "jump through hoops." Frustrated with what had occurred, the trial court issued the order upon which the instant petition is based. The trial Judge awarded to Kendrick attorneys fees for the earlier deposition, *233 and ordered the deponent to appear in Miami for deposition[2] and bring and turn over the files Kendrick sought. At that point, State Farm argued again that parts of the documents at issue were protected by attorney client privilege or work product privilege. In response to a question from State Farm's counsel, the trial judge clarified his intention that the deponent bring the entire file down. State Farm's counsel then asked:
Even the documents that would be covered by the attorney-client privilege?
To which the trial Judge replied:
Every single document. I'm going to let counsel for Ms. Kendrick decide whether or not he thinks it's attorney client privileged when he looks at it. When he looks at it and agrees with you, I'll let you keep it.
Questioned further by State Farm's counsel, the court reiterated intention:
If they decide something is an attorney-client privileged document, they're not going to inquire into it because it's an attorney-client privileged document. If they decide attorney-client privilege does not apply from their perusal of the documents, they can inquire to their heart's content, regardless of what you think is an attorney client privileged document. Does that make it clear.
Certiorari is a method of reviewing pretrial orders granting discovery where the order departs from the essential requirements of law causing material injury to the petitioner throughout the remainder of the proceedings below and leaving no adequate remedy on appeal. See Martin-Johnson, Inc. v. Savage, 509 So.2d 1097, 1099 (Fla.1987). An order which improperly compels discovery of information privileged pursuant to the attorney-client privilege is reviewable by certiorari. Blank v. Mukamal, 566 So.2d 54 (Fla. 4th DCA 1990). A trial court cannot delegate the sole authority to perform "a purely judicial function." Larson v. State, 572 So.2d 1368, 1371 (Fla.1991) (concluding trial court could not delegate to probation officer authority to perform "a purely judicial function"); Ashe v. State, 582 So.2d 759 (Fla. 1st DCA 1991) (trial court improperly delegated judicial functions by allowing probation officer to set restitution payment schedule and to determine amount of restitution); see also Perry v. State, 513 So.2d 254 (Fla. 2d DCA 1987).
Here, the proper procedure is for the trial court to examine the disputed documents in-camera and remove those documents which fall into the privileged category. See Fortune v. Greene, 775 So.2d 338 (Fla. 2nd DCA 2000); United Service Auto. Ass'n v. Crews, 614 So.2d 1213 (Fla. 4th DCA 1993)(concluding trial court would be required to hold in-camera review of documents, to ascertain which ones were subject to attorney-client privilege). It follows from this decision that the award of fees to Kendrick, the result of the trial court's faulty analysis and not supported by substantial competent evidence, likewise cannot stand. See Tutor Time Merger Corp. v. MeCabe, 763 So.2d 505 (Fla. 4th DCA 2000); Weiss v. Rachlin and Cohen, 745 So.2d 527 (Fla. 3d DCA 1999).
Accordingly, the petition sought is granted, the orders under review are quashed and the case is remanded for an evidentiary hearing on items for which privilege is claimed.
NOTES
[1] State Farm argues that Kendrick's claim has been satisfied, thus she should not be permitted to proceed in this discovery aimed at class certification. However according to Kendrick, her claim has not been completely satisfied. The insurer also argued this point in its motion for summary judgment, which the trial court denied. In Kendrick's response to that motion she pointed to interest she alleges remains due, as well as the expenses she incurred as a result of being without her vehicle, also unpaid by her insurer. Thus, she maintains, she is still due compensation and has not been made "whole".

This is what distinguishes this case from Ramon v. Aries Ins. Co., where insured Ramon conceded that he had been paid every cent he was due and was proceeding with his class claim nonetheless. See Ramon v. Aries Ins. Co., 769 So.2d 1053, 1054 (Fla. 3d DCA 2000) (observing "Ramon conceded that all of his medical providers had been paid in full, with interest, and that he was due no money from the insurer.")
Courts look to the time of certification of the class as the line for considering whether a defendant is attempting to "pick off" a potential class action litigant. Here the class has not yet been certified so that if Kendrick was satisfied in full, she would most likely fall into the category of plaintiffs like Ramon, who no longer having a viable stake in the matter, may not proceed in their class action claim. See Ramon, Taran v. Blue Cross Blue Shield of Florida, Inc., 685 So.2d 1004 (Fla. 3d DCA 1997) (citing 1 Herbert Newberg & Alba Conte, Newberg on Class Actions [hereinafter Newberg on Class Actions ] § 2.05 (1992), and cases cited therein. "[I]f none of the named plaintiffs purporting to represent a class establishes a requisite of a case or controversy with the defendant, none may seek relief on behalf of himself or any other member of the class." O'Shea v. Littleton, 414 U.S. 488, 494, 94 S.Ct. 669, 38 L.Ed.2d 674 (1974) (footnote and citations omitted).)
[2] That witness was initially deposed in Chicago.