780 So.2d 1045 (2001)
Carmen KRASNICK, Appellant,
v.
STATE of Florida, Appellee.
No. 4D00-1697.
District Court of Appeal of Florida, Fourth District.
April 4, 2001.
*1046 Chris Livingston, Clinton, NC, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Bart Schneider, Assistant Attorney General, West Palm Beach, for appellee.
PER CURIAM.
Carmen Krasnick (Petitioner) appeals the trial court's order denying her petition for writ of habeas corpus, in which she sought a hearing to determine whether she was entitled to file a belated motion for postconviction relief based on the failure of her attorney to file a timely motion. See Steele v. Kehoe, 747 So.2d 931 (Fla. 1999); Medrano v. State, 748 So.2d 986 (Fla.1999); and Quigley v. State, 753 So.2d 764 (Fla. 4th DCA 2000). We reverse.
The state argues that the denial should be affirmed because Petitioner's petition was barred by laches, in that it was not filed until December 14, 1999, five years and three months after the attorney she claimed she retained to file her motion was permitted to withdraw from representing her. The state relies on McCray v. State, 699 So.2d 1366 (Fla.1997), in which the supreme court concluded as a matter of law that five years delay in filing a petition claiming ineffective assistance of appellate counsel is presumed unreasonable, to be overcome only by allegations under oath showing a factual basis why the petitioner was affirmatively misled about the results of the appeal.
The supreme court did not impose a time limit or an automatic laches period applicable to the filing of a petition for habeas corpus for leave to file a belated postconviction motion in Steele or in Medrano and we decline to do so at this time. Moreover, we note that the state did not raise the doctrine of laches below, see State v. Richardson, No. 3D99-2400, 2000 WL 873214 (Fla. 3d DCA July 5, 2000) (declining to consider state's laches defense, raised for the first time on appeal), and we point out that application of the doctrine often involves factual issues not properly resolved without an evidentiary hearing, see Perry v. State, 25 Fla. L. Weekly D541, 2000 WL 220426, ___ So.2d ___ (Fla. 1st DCA Feb.28, 2000), rev. granted, 767 So.2d 461 (Fla.2000). Further, the state's argument on this point is merely conclusory and does not demonstrate in what way Appellant's delay prejudiced it.
Although the facts of Quigley v. State were not discussed in this court's brief opinion, this court's files indicate that Quigley's habeas petition, filed with the circuit court on January 4, 1999, alleged that he retained counsel in 1985 to file a postconviction motion by the January 1, 1986, deadline, but counsel failed to file such a motion prior to that deadline. This court reversed the trial court's order dismissing the petition and remanded for a hearing pursuant to Steele and Medrano.
Accordingly, we reverse the trial court's denial of the petition and remand for the trial court to conduct an evidentiary hearing addressing whether Appellant retained counsel to file a timely postconviction motion and whether counsel failed to timely do so.
WARNER, C.J., POLEN and HAZOURI, JJ., concur.