SHARP, W, J.
Mediate appeals from a trial court order which denied his petition for a writ of habeas corpus after he sought to file a belated Rule 3.850 motion to vacate, set aside or correct his sentence pursuant to Steele v. Kehoe, 747 So.2d 931 (Fla.1999) and Medrano v. State, 748 So.2d 986 (Fla.1999). The trial court denied the petition based on laches, on the authority of McCray v. State, 699 So.2d 1366 (Fla.1997). We reverse.
Mediate was convicted of one count of kidnaping,[1] and four counts of sexual battery.[2] He was sentenced to life on the kidnaping charge, and 30 years on each of the four sexual battery charges, concurrent to the life sentence, which sentence departed from the guidelines. An appeal *473 to this court followed and resulted in a per curiam affirmance. Mediate v. State, 518 So.2d 282 (Fla. 5th DCA 1987). Mediate’s lawyer, Frank Rogano (Rogano) filed several 3.800 motions, but no 3.850 motion was filed within the two year time limit, and it was thereafter barred by the rule.
After the supreme court’s rulings in Steele and Medrano, Rule 3.850 was amended[3] to permit belated 3.850 motions where the defendant’s attorney had agreed to file the motion and then failed to timely do so. Mediate filed the instant petition for habeas corpus, which was the procedure outlined by the supreme court in Steele. He alleged that Rogano had agreed to represent him in a 3.850 proceeding but later advised that, due to a change in office staff, Mediate’s case fiie had been misplaced and the two-year time limit for filing a rule 3.850 motion had expired.
Rogano wrote Mediate several times about this matter. A letter dated June 15, 1989, states that
I will begin preparation of your Motion for Post-Conviction Relief which will be in accordance with Florida Rules of Criminal Procedure 3.850, and filed in the Circuit Court before Judge Thurman. I will keep you posted on the progress of the motion.
Another letter dated August 25, 1989, also advises Mediate that Rogano is “in the process of preparing a Motion for Post Conviction Relief in your behalf, but such things take time.” Lastly, there appears a letter dated February 13, 1990 from Roga-no which provides:
I apologize for not writing you before this date regarding the Motion for Post Conviction Relief. However, a recent change in staff resulted in your case files being misplaced until a few days ago. Unfortunately, it has been brought to my attention that the two (2) year time limit for filing a post conviction motion in your case has elapsed, (emphasis supplied)
Based on these letters, the trial court found that Rogano had failed to file a Rule 3.850 motion for post-conviction relief despite advising Mediate he would do so. We agree that the evidence establishes these facts.
But we disagree with the court’s application of laches pursuant to McCray. McCray is distinguishable from the facts of this case because there the petitioner waited 15 years before filing a petition for habeas corpus and gave no reason for the delay. Where, as here, the delay in filing is due to the time limitations of the then existing rule, laches cannot be a bar.[4]
Although the lower court is required to hold a hearing to determine if the inmate is entitled to file a belated 3.850 motion, Medrano; Steele; in this case, the court has already made the requisite findings under Steele. Additionally, a hearing would not afford the court with any additional evidence because Rogano is now deceased.
*474 There is no reason to remand for proceedings which uncontestedly would achieve the outcome already accomplished. See generally, Wainwright v. Taylor, 476 So.2d 669, 670 (Fla.1985). See also Me-drano (petitioner not required to engage in futile effort of filing motion for collateral relief before filing petition for habeas corpus where it will be denied as untimely); Livingston v. State, 565 So.2d 1288 (Fla.1988). Thus, in the interests of judicial economy, we reverse and remand with directions that the court grant the petition and enter an order affording Mediate the opportunity to file a belated 3.850 motion.
REVERSED AND REMANDED with directions.
HARRIS and PETERSON, JJ., concur.

. § 787.01, Fla. Stat. (1985).

. § 794.01 l(4)(c), Fla. Stat. (1985).

. Rule 3.850(b)(3) now provides:
(b) Time Limitations. A motion to vacate a sentence that exceeds the limits provided by law may be filed at any time. No other motion shall be filed or considered pursuant to this rule if filed more than 2 years after the judgment and sentence become final in a noncapital case ... unless it alleges that
(3) the defendant retained counsel to timely file a 3.850 motion and counsel, through neglect, failed to file the motion.

. We note too that such a holding would destroy the viability of Steele and Medrano.