848 So.2d 382 (2003)
James J. QUIGLEY, Appellant,
v.
STATE of Florida, Appellee.
No. 4D02-1741.
District Court of Appeal of Florida, Fourth District.
May 28, 2003.
Rehearing Denied July 16, 2003.
*383 James J. Quigley, Newport, Vermont, pro se.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Donna M. Hoffmann, Assistant Attorney General, West Palm Beach, for appellee.
WARNER, J.
Appellant challenges the trial court's summary denial of his motion for postconviction relief on the ground that laches barred his claim due to his counsel's failure to timely file the motion. Because appellant filed his motion within two years of Steele v. Kehoe, 747 So.2d 931 (Fla. 1999), we hold that laches is not a bar. We reverse and remand to hold an evidentiary hearing on appellant's claims.
On May 5, 1980, appellant was convicted of first degree murder (Count I) and attempted first degree murder (Count II), for which he was sentenced to life imprisonment with a mandatory minimum of twenty-five years on Count I and a concurrent life term as to Count II. On July 1, 1980, appellant's sentence on Count II was amended to a concurrent thirty year sentence. His convictions and sentences were affirmed per curiam without opinion by this court on November 4, 1981. See Quigley v. State, 407 So.2d 1127 (Fla. 4th DCA 1981).
In 1997, appellant filed a Florida Rule of Criminal Procedure 3.850 motion alleging ineffectiveness of counsel claims, which the trial court denied as untimely. That order was reviewed and affirmed by this court. After our affirmance, the supreme court decided Steele v. Kehoe, 747 So.2d 931 (Fla.1999), and Medrano v. State, 748 So.2d 986 (Fla.1999). The court held in those cases that when a convicted defendant alleges his or her attorney agreed to file a postconviction motion on his or her behalf but failed to do so in a timely manner, the defendant is entitled to a hearing on the issue. If the defendant proves that he timely requested the attorney file the motion, and the motion was not filed, then the defendant is entitled to file a belated postconviction motion. See Steele, 747 So.2d at 934; Medrano, 748 So.2d at 987. A defendant may request such relief by way of a petition for habeas corpus seeking to file a belated motion for postconviction relief. See id.
Shortly before the court's opinion in Steele was released, defendant filed a petition for writ of habeas corpus seeking leave to file a belated postconviction relief motion. As grounds, he alleged that the attorney he retained in 1985 failed to file such a motion.[1] The trial court denied his request. However, we reversed, based upon Steele and Medrano. See Quigley v. State, 753 So.2d 764 (Fla. 4th DCA 2000). Upon remand, the trial court granted appellant's petition to file a belated appeal, finding appellant's attorney had not timely filed a motion for postconviction relief.
Appellant then filed his motion raising two claims of ineffectiveness of counsel. First, he alleged that his attorney failed to advise him of the existence of a voluntary intoxication defense, to investigate the extent of his intoxication at the time of his offense, and to assert a voluntary intoxication defense at trial. Appellant claimed that he was on an alcohol and drug binge at the time of the crime. Second, counsel agreed to allow the admission of an inflammatory *384 and prejudicial videotaped deposition of the victim. The state responded that appellant's motion should be denied based upon laches because appellant's lawyer is deceased and therefore unavailable to testify. As to the second claim, the state also claimed laches as the videotape could not be found in its file or in the court file.
The trial court agreed with the state that the claims were time-barred and that laches was a valid defense; thus it denied relief. The appellant filed a motion for rehearing, which we deem to have been timely pursuant to Haag v. State, 591 So.2d 614, 617 (Fla.1992), but it also was denied. He then filed this appeal.
Although appellant filed his belated motion eleven years after discovering his attorney had not timely filed his postconviction relief motion, his motion is not time-barred by Rule 3.850 based upon Steele. This same situation was addressed in Mediate v. State, 804 So.2d 472, 473 (Fla. 5th DCA 2001), where a prisoner waited some fifteen years before filing a habeas petition seeking a belated appeal. The fifth district rejected the application of laches, holding, "[w]here ... the delay in filing is due to the time limitations of the then existing rule, laches cannot be a bar." Mediate, 804 So.2d at 473. As the court noted in a footnote, any other holding would destroy the viability of Steele and Medrano. See id. at 473 n. 4. Consistent with Mediate, we reverse the trial court's denial of appellant's motion based on laches.
Appellant also appeals the trial court's order denying appointment of counsel. In postconviction proceedings, the appointment of counsel is discretionary, and we conclude that there was no abuse of discretion. See Graham v. State, 372 So.2d 1363, 1366 (Fla.1979). Our affirmance, however, is without prejudice to the appellant reapplying to the court for appointment of counsel now that the claims are to be heard on the merits. As an evidentiary hearing is probable, and appellant may have difficulty making a prima facie case with his prior counsel being deceased and the videotape missing, the court may wish to reconsider whether the criteria of Graham have been met.
We therefore reverse and remand for the court to consider the merits of appellant's claims. Unless the record conclusively refutes these claims, an evidentiary hearing will be required.
KLEIN and SHAHOOD, JJ., concur.
NOTES
[1] The deadline for the motion was January 1, 1986. See The Florida Bar Re Amendment to Rules of Criminal Procedure, 460 So.2d 907, 908 (Fla.1984).