855 So.2d 184 (2003)
Jody R. YOUNG, Appellant,
v.
Melinda TAUBMAN, Appellee.
No. 4D02-1457.
District Court of Appeal of Florida, Fourth District.
September 10, 2003.
Rehearing Denied October 15, 2003.
*185 Jody R. Young, Wellington, pro se.
Richard G. Bartmon of the Law Offices of Bartmon & Bartmon, P.A., Boca Raton, for appellee.
STEVENSON, J.
The parties to this appeal, Jody Robert Young and Melinda Taubman, were divorced in 1994. Commencing April 2000, Taubman sought to both enforce and modify the terms of the final judgment of dissolution. Ultimately, the trial court entered an order that (1) gave the former wife authority to make decisions regarding their daughter's acting/modeling career, (2) directed the former husband to comply with the provision in the marital settlement agreement, wherein he agreed to obtain a "get" (a divorce under Jewish law), (3) directed the former husband to reimburse the former wife for camp, day care expenses and certain medical bills and (4) increased the former husband's child support obligation. Thereafter, the court entered a second order, requiring the former husband to pay some $95,000 in attorney's fees and costs incurred by the former wife. The former husband has appealed and challenges virtually every aspect of both orders. We write to address only two issuesthe upward modification of child support and the attorney's fees and costs award. As to all other issues, we find no error and affirm without further discussion.

Child Support
The former husband challenges the upward modification of his child support obligation on a number of grounds. We find merit in his claim that the trial judge erred in failing to impute income to the former wife and reverse the upward modification of the former husband's child support obligation on this basis.
With respect to the former wife's income and ability to earn, the evidence before the lower court was that Melinda Taubman holds a bachelor's degree in sociology and was employed as a social worker briefly while residing in New York in 1984. According to the former wife, without a master's degree she is not qualified to do social work in Florida. Since residing in Florida, the former wife has held a number of jobs, most of which were part-time: she was a partner in a modeling agency; she obtained a real estate license; she worked at her daughter's school; and she worked as a marketing representative with the Boca Raton Museum of Cartoon Art. As for her current income, the former wife testified that she was employed part-time. According *186 to the former wife, part-time employment is necessitated by the demands of their daughter's career. The former wife's financial affidavit reflects that she is employed by American Greeting Cards, earns $7.05 per hour, and has gross monthly earnings of $240.00. Additionally, since the former wife and the child were residing with the former wife's parents, she also included $1200 in income to represent the rent and utilities paid on their behalf. On this evidence, the trial court refused to impute income to the former wife.
Section 61.30(2)(b), Florida Statutes, governs the imputation of income to an unemployed or underemployed spouse and requires imputation of income to a voluntarily unemployed or underemployed parent unless the parent suffers from a "physical or mental incapacity or other circumstance over which the parent has no control" or the court finds that it is necessary for the primary residential parent to stay home with the child. See also Shrove v. Shrove, 724 So.2d 679, 682 (Fla. 4th DCA 1999); Stebbins v. Stebbins, 754 So.2d 903, 905 (Fla. 1st DCA 2000). As to the first of the exceptions to the imputation of income, there was no evidence that the former wife is incapacitated in any way. As to the latter, the trial court never made any finding that it was necessary for the former wife to stay home with the child. Moreover, even if the court had determined that the former wife could not work full-time due to the child's modeling/acting career, certainly she could work more than thirty-four hours per month or an average of 8.5 hours per week ($240.00 divided by $7.05 per hour) since the record established that the child was attending school. Accordingly, we reverse the child support award and remand so that the trial court may recalculate the amount of support owed by each parent after imputing additional income to the former wife.[1]

Attorney's Fees and Costs
Following entry of its order modifying the terms of the final judgment of dissolution, the court rendered a second order, requiring the former husband to pay $95,000 in attorney's fees and costs incurred by the former wife. The fee award finds only that the fees charged "were both reasonable and necessary" and that the hourly rates were reasonable.
The former husband has sought review of the fee award, arguing, among other things, that reversal is required due to the trial court's failure to make specific findings as to the number of hours expended and the amount of a reasonable hourly rate. The judge is indeed required to make these specific findings. See, e.g., Saporito v. Saporito, 831 So.2d 697 (Fla. 5th DCA 2002). Moreover, a review of the transcript of the fee hearing reflects that, here, there was insufficient evidence on which the court could have predicated such a finding. While there was evidence as to the number of hours logged by the former wife's attorneys and the rate each attorney charged, there was no evidence as to how these hours were spent.
Generally, when an attorney's fee or cost order is appealed and the record on appeal is devoid of competent substantial evidence to support the order, the appellate court will reverse the award without remand. However, when the record contains some competent substantial evidence supporting the fee or cost order, yet fails to include some essential evidentiary support such as testimony from the attorney performing the *187 services, or testimony from additional expert witnesses, the appellate court will reverse and remand the order for additional findings or an additional hearing, if necessary.
Rodriguez v. Campbell, 720 So.2d 266, 268 (Fla. 4th DCA 1998) (citations omitted). As the instant case falls into this latter category, we reverse the fee award and remand for further proceedings.[2]
AFFIRMED in part, REVERSED in part and REMANDED.
WARNER and HAZOURI, JJ., concur.
NOTES
[1] Our conclusion in this regard will also require recalculation of the amount of the daycare and camp expenses that the former husband is required to reimburse the former wife as the parties' respective obligations are based upon their income.
[2] Effective October 1, 1993, the legislature amended section 61.16(1), Florida Statutes, to provide that "[a]n application for attorney's fees, suit money, or costs, whether temporary or otherwise, shall not require corroborating expert testimony in order to support an award under this chapter." Ch. 93-188, §§ 6, 9, at 1696-97, Laws of Fla. Nevertheless, the addition of this language "did not alter the burden of the party seeking fees to prove with evidence [the] reasonableness and necessity of the fees sought." Safford v. Safford, 656 So.2d 485, 486 (Fla. 2d DCA 1994).