863 So.2d 442 (2003)
Stephen RAKUSIN, Appellant,
v.
CHRISTIANSEN & JACKNIN, P.A., Appellee.
Nos. 4D03-26, 4D03-1609.
District Court of Appeal of Florida, Fourth District.
December 31, 2003.
*443 Stephen Rakusin of Stephen Rakusin, P.A., Fort Lauderdale, pro se.
Neil B. Jagolinzer of Christiansen & Jacknin, West Palm Beach, for appellee.
WARNER, J.
Stephen Rakusin ("Rakusin") appeals the final order awarding Christiansen and Jacknin, P.A., attorney's fees and costs based upon the court's inherent authority to assess attorney's fees in cases involving bad faith litigation. See Patsy v. Patsy, 666 So.2d 1045, 1047 (Fla. 4th DCA 1996). While we agree that the court had the authority to assess fees in the circumstances of this case, the court erred in making the award absent expert witness testimony as to the reasonableness of the fees, and in failing to determine the reasonable hourly rate and reasonable number of hours attributable to the bad faith activity. We therefore reverse.[1]
Appellee Christiansen and Jacknin, P.A., was discharged from representation of Elizabeth Heller ("Heller") in her dissolution of marriage proceeding. Heller never paid the bill for services rendered, and Christiansen and Jacknin filed a notice of charging lien. Appellant Rakusin substituted as counsel for Heller in the proceedings, and a final judgment was entered in March 2001.
Subsequent to the entry of the final judgment, Christiansen and Jacknin moved to adjudicate its charging lien. From the point that the motion was filed, it appears that Rakusin attempted to do everything he could to delay the proceedings, including, on several occasions, agreeing to the setting of depositions only to call the day before and cancel or refuse to appear. He also failed to provide documents demanded in discovery, even after agreeing to do so, in order to avoid scheduled hearings on motions to compel. Christiansen and Jacknin filed a motion for sanctions against Rakusin. Finally, Heller agreed to the amount for the claim of lien, and the court approved a settlement reserving jurisdiction to consider the sanction motion against appellant.
At the hearing, attorney Christiansen testified to the attempts Christiansen and Jacknin made to settle the case and the delaying tactics employed by Rakusin to prevent the matter from concluding. He admitted a summary of his fees and costs into evidence and testified that in his opinion the fees and costs were reasonable in Palm Beach County for the services provided. He did not present any expert *444 testimony as to the reasonableness of the fees.
Ultimately the court granted the motion for sanctions, finding that Rakusin had engaged in bad faith litigation, and awarded attorney's fees to Christiansen and Jacknin. Starting with the amount billed by Christiansen and Jacknin, the court concluded that the charging lien matter could have been resolved in half the time actually incurred had it not been for Rakusin's antics. Therefore, the court ordered Rakusin to pay half the bill, $6,414.32. It is from this order Rakusin appeals.
Even when an attorney's fee award is entered as a sanction, it must be supported by expert evidence as to the reasonableness of the amount of time expended and the reasonableness of the hourly fee. See Tutor Time Merger Corp. v. MeCabe, 763 So.2d 505, 506 (Fla. 4th DCA 2000). This court has explained that
[a]n award of attorney's fees must be supported by substantial competent evidence and contain express findings regarding the number of hours reasonably expended and a reasonable hourly rate for the type of litigation involved. Additionally, the award must be supported by expert evidence, including the testimony of the attorney who performed the services. The same principle applies whether the attorney's fee award is post-judgment or a discovery sanction.
Id. (citations omitted). Although we noted in Island Hoppers, Ltd. v. Keith, 820 So.2d 967 (Fla. 4th DCA 2002), that Florida courts have demanded the testimony of a corroborating expert as to the reasonableness of fees, we questioned the advisability of this requirement in every case, noting that "our trial judges have become highly experienced in all aspects of litigation, often with knowledge equal to, or in some cases far superior to, that of those attorneys who are called upon to provide expert testimony as a `fees witness.'" Id. at 972. However, agreeable or not, the existing case law requires the presentation of corroborating testimony of the reasonableness of attorney's fees.
Appellee cites to Eve's Garden, Inc. v. Upshaw & Upshaw, Inc., 801 So.2d 976 (Fla. 2d DCA 2001), as standing for the proposition that an expert witness is not needed when the fee award is made as a sanction. That case confirms the necessity for such corroborating evidence. In Eve's Garden, the second district found that a court has the discretion to award attorney's fees as sanctions in the amount of the hourly rate charged by the attorney, even if that rate differs from the rate customarily charged in the locality. Because the attorneys seeking the sanctions were from Tampa (as were those defending the suit), the court determined that the trial court could award a sanction fee based upon a reasonable hourly rate charged in Tampa instead of Dade City where the litigation was brought. However, the facts related in the opinion reveal that corroborating expert evidence of a reasonable hourly rate and reasonableness of the hours expended were offered at the hearing.
We therefore conclude that the court erred in awarding fees without corroborating expert testimony of their reasonableness. In Young v. Taubman, 855 So.2d 184 (Fla. 4th DCA 2003), in a similar situation, we permitted the court to take further evidence on remand to cure the defect, explaining:
Generally, when an attorney's fee or cost order is appealed and the record on appeal is devoid of competent substantial evidence to support the order, the appellate court will reverse the award without remand. However, when the record contains some competent substantial *445 evidence supporting the fee or cost order, yet fails to include some essential evidentiary support such as testimony from the attorney performing the services, or testimony from additional expert witnesses, the appellate court will reverse and remand the order for additional findings or an additional hearing, if necessary. As the instant case falls into this latter category, we reverse the fee award and remand for further proceedings.
Id. at 186-87 (citation and footnote omitted). Because there was some evidence to support the award in the form of lawyer Christiansen's testimony and detailed billing statement, we also reverse and remand for further proceedings.
Finally, we also reverse for the trial court to make specific findings as to the reasonable hourly rate and reasonable number of hours attributable to the bad faith activity. An award of attorney's fees as a sanction must contain express findings regarding the number of hours reasonably expended and a reasonable hourly rate for the type of litigation involved. See Tutor Time Merger Corp., 763 So.2d at 506; Nordyne, Inc. v. Fla. Mobile Home Supply, Inc., 625 So.2d 1283, 1289 (Fla. 1st DCA 1993).
Reversed and remanded for further proceedings.
GUNTHER and MAY, JJ., concur.
NOTES
[1] All of the proceedings occurred within the dissolution file of Heller v. Heller, Fifteenth Judicial Circuit Case No. 00-8092, and the notice of appeal was filed in that case. We have restyled this opinion to reflect the true parties to the order being appealed.