894 So.2d 1030 (2005)
DM RECORDS, INC., Appellant,
v.
TURNPIKE COMMERCIAL PLAZA, PHASE II, CONDOMINIUM ASSOCIATION, INC., Appellee.
No. 4D03-4978.
District Court of Appeal of Florida, Fourth District.
January 19, 2005.
Mark Goldstein and Richard C. Wolfe of Wolfe & Goldstein, P.A., Miami, for appellant.
Helene Hvizd Morris, West Palm Beach, and Tamar Duffner Shendell of Shendell & Associates, P.A., Lighthouse Point, for appellee.
KLEIN, J.
Appellant DM Records, Inc. raises several issues involving an award of attorney's fees imposed as a sanction, but we affirm, addressing only whether the lack of testimony of counsel performing the work can be raised for the first time on appeal. We hold that it cannot.
At the hearing, Turnpike's counsel did not testify, but she had filed an affidavit reflecting the work she had performed. Her expert reviewed the affidavit and testified *1031 that her hours and hourly rate were reasonable. In addition, DM stipulated that the hourly rate was reasonable. After Turnpike rested its case, DM advised the court that it had no witnesses or closing argument. No objection was raised that Turnpike's counsel did not testify. DM now argues that the absence of counsel's testimony requires us to reverse for lack of substantial competent evidence.
DM relies on cases in which we have reversed attorney's fee awards because the attorney performing the services had not testified. Rakusin v. Christiansen & Jacknin, P.A., 863 So.2d 442 (Fla. 4th DCA 2003); Tutor Time Merger Corp. v. MeCabe, 763 So.2d 505 (Fla. 4th DCA 2000). Turnpike argues that DM, by failing to raise this issue in the trial court, has waived it. In Rakusin and Tutor Time we did not address whether there had been an objection in the trial court, and accordingly we do not agree with DM that those cases require us to reverse under the circumstances in this case.
We recognize that in a non-jury case the sufficiency of the evidence to support the judgment may be raised for the first time on appeal. Fla. R. Civ. P. 1.530(e). This is not, however, a case in which there was no evidence before the trial court.
In this case an expert testified, based on an affidavit filed by Turnpike's counsel, that her work was necessary and reasonable. We conclude that under these circumstances, where there was no objection to counsel performing the work not testifying, her affidavit and the testimony of the expert are sufficient to support the judgment.
In Insurance Company of North America v. Julien P. Benjamin Equipment Co., 481 So.2d 511 (Fla. 1st DCA 1985), the court held that the lack of expert testimony on attorney's fees, where an affidavit of the expert was submitted without objection, could not be raised for the first time on appeal. And in Simhoni v. Chambliss, 843 So.2d 1036 (Fla. 4th DCA 2003), there was neither expert testimony nor an expert's affidavit, and we held that the requirement of expert testimony was waived because it was not raised in the trial court. Although these cases involved waiver of expert testimony, we see no reason why we should not apply them here and find a waiver of the requirement of testimony of counsel performing the work, where her affidavit was filed and the expert testified based on the affidavit.
In hearings to determine the amount of attorney's fees, there is often no dispute as to what is a reasonable number of hours, or a reasonable hourly rate, or both. And, the party opposing the fee award may not in fact want testimony from counsel or an expert. If we were to allow these issues to be raised for the first time on appeal, where there was no objection in the trial court, it would be unfair to the party seeking fees and the trial judge and result in unnecessary appeals.
Affirmed.
STEVENSON and SHAHOOD, JJ., concur.