943 So.2d 1018 (2006)
Phynerrian Q. MANNING, Appellant,
v.
Guy TUNNELL, as sheriff of Bay County Florida, Bay County and Corrections Corporation of America, Appellees.
No. 1D04-0416.
District Court of Appeal of Florida, First District.
December 18, 2006.
Phynerrian Q. Manning, pro se, Appellant.
Clifford C. Higby and Tiffany A. Brown of Bryant & Higby, Panama City, for Appellees.

Opinion on Motion for Rehearing
PER CURIAM.
Appellant's motion for rehearing is denied. The court's opinion filed February 3, 2006, is withdrawn and the following opinion is substituted for clarification.
Phynerrian Q. Manning appeals a final order dismissing with prejudice, pursuant to the statute of limitations, section 95.11, Florida Statutes (2003), his complaint against appellees, Guy Tunnell, as sheriff of Bay County, Florida, Bay County, and the Corrections Corporation of America, in which he sought to state claims based upon alleged deprivations of his constitutional rights and false imprisonment. This appeal concerns only the dismissal as to defendants Bay County and Corrections Corporation of America; the order of dismissal as to the Sheriff, Guy Tunnell, was previously affirmed by this *1020 court. Manning v. Tunnell, 908 So.2d 1061 (Fla. 1st DCA 2005).
Appellant argues on appeal that the trial court erred in failing to apply the equitable tolling provision of 28 U.S.C. § 1367(d) to prevent the limitations period from expiring while he was pursuing claims in federal court. See Jinks v. Richland County, 538 U.S. 456, 123 S.Ct. 1667, 155 L.Ed.2d 631 (2003). The appellant, however, did not raise the tolling provisions of 28 U.S.C. § 1367(d) before the trial court specifically as to the allegations against Bay County, which was named as a defendant only in count I of the verified complaint, and therefore, as to Bay County, this defense was waived. As a general rule, an appellate court cannot address claims raised for the first time on appeal. See, e.g., Krasnick v. State, 780 So.2d 1045, 1046 (Fla. 4th DCA 2001)(declining to consider state's laches defense, raised for the first time on appeal). Although there are exceptions to this rule, the exceptions are not applicable in the instant case. See DM Records, Inc. v. Turnpike Commercial Plaza, Phase II, Condominium Ass'n, Inc., 894 So.2d 1030 (Fla. 4th DCA 2005)(explaining that sufficiency of the evidence to support the judgment may be raised for the first time on appeal in a non-jury trial); Romage v. State, 890 So.2d 550 (Fla. 5th DCA 2005)(holding that claims based on an alleged violation of double jeopardy constitute fundamental error which, absent a knowing and voluntary waiver, may be raised for the first time on appeal); Bank One, N.A. v. Batronie, 884 So.2d 346 (Fla. 2d DCA 2004)(indicating that the lack of subject-matter jurisdiction may be raised for the first time on appeal).
Further, the claims raised against Corrections Corporation of America (CCA) are clearly barred by statute. Section 957.06(8), Florida Statutes, provides that a contract entered into for the operation of a private correctional facility shall not authorize, allow or imply the delegation of authority to a contractor to "[d]etermine inmate eligibility for any form of conditional, temporary or permanent release from a correctional facility." This statute was in effect at the time appellant alleges he was wrongfully held and remains in effect. Clearly, as a matter of law, the alleged failure by CCA to conduct a timely probable cause hearing cannot be a basis for asserting civil liability against CCA given CCA had no legal authority to release appellant. As CCA argued below, appellant has not and cannot state a cause of action against CCA. While the trial court did not grant the motion of CCA to dismiss on this ground, the order granting dismissal with prejudice can be granted on this ground pursuant to the "tipsy coachman" rule. See Robertson v. State, 829 So.2d 901, 906-7 (Fla.2002).
Accordingly, we AFFIRM.
KAHN, VAN NORTWICK, and HAWKES, JJ., concur.