DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**MADSEN MARCELLUS JR.,**
Appellant,

v.

**KELLIE PETERSON** f/k/a **KELLIE P. MARCELLUS,**
Appellee.

No. 4D20-1671

[October 27, 2021]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Michael I. Rothschild, Judge; L.T. Case No. FMCE 09-0511 (37).

Kathleen K. Peña of Kathleen K. Peña, Attorney at Law, Fort Lauderdale, for appellant.

Philip L. Reizenstein and Bhakti Kadiwar of Reizenstein & Associates, P.A., Miami, for appellee.

LEVINE, J.

In this post-dissolution of marriage case, the husband appeals a final judgment awarding the wife $282,105.34 in attorney's fees. We affirm the trial court's determination of entitlement to attorney's fees, but reverse as to the amount because the trial court failed to hold an evidentiary hearing and make specific findings as to the hourly rate and number of hours reasonably expended.

The parties divorced in 2010. In 2013, the trial court granted the wife's petition to reopen the case due to the husband's failure to comply with the terms of the final judgment. As a result of the husband's conduct in the proceedings, The Florida Bar filed a complaint against the husband, and the Florida Supreme Court suspended the husband from practicing law for eighteen months. *The Fla. Bar v. Marcellus*, 249 So. 3d 538, 547 (Fla. 2018).

The wife moved for attorney's fees, stating she had incurred $259,222.92 in attorney's fees and costs because of the husband's bad

faith actions. After a motion calendar hearing, the trial court entered a final judgment awarding the wife $259,222.92 in attorney's fees pursuant to the inequitable conduct doctrine, as well as $22,882.42 in prejudgment interest for a total award of $282,105.34. The trial court adopted the findings made by the supreme court and referee in the disciplinary proceeding. The order did not contain any findings concerning a reasonable hourly rate and a reasonable number of hours.

The husband moved for rehearing, arguing that the trial court erred in determining the amount of fees after a motion calendar hearing instead of an evidentiary hearing and without the requisite findings to support the amount of fees awarded. The trial court denied the motion.

On appeal, the husband argues that the trial court abused its discretion in awarding attorney's fees without an evidentiary hearing and without specific findings as to the reasonableness of the amount of attorney's fees. We agree.

"A trial judge's decision to impose sanctions for bad faith litigation conduct is reviewed under an abuse of discretion standard." *Bennett v. Berges*, 50 So. 3d 1154, 1159 (Fla. 4th DCA 2010).

A trial court's award of attorney's fees under the inequitable conduct doctrine "must be based upon an express finding of bad faith conduct and must be supported by detailed factual findings describing the specific acts of bad faith conduct that resulted in the unnecessary incurrence of attorneys' fees." *Moakley v. Smallwood*, 826 So. 2d 221, 227 (Fla. 2002). In addition, the fee award amount must be directly related to the fees incurred by the opposing party resulting from the bad faith conduct. *Id.*; *see also Bennett*, 50 So. 3d at 1160 ("[A]n award of fees as a sanction must be *directly related* to the attorney's fees and costs that the opposing party has incurred as a result of the specific bad faith conduct.").

In *Hicks v. Hicks*, 284 So. 3d 576 (Fla. 4th DCA 2019), this court reversed where the trial court failed to take any expert testimony or make any findings as to the reasonable number of hours and hourly rate. This court explained:

> In awarding attorney's fees, a trial court must set forth specific findings, predicated on expert testimony, as to the hourly rate and number of hours reasonably expended. *Fla. Patient's Comp. Fund v. Rowe*, 472 So. 2d 1145, 1151-52 (Fla. 1985); *Mitchell*, 94 So. 3d at 707. The same rule applies with respect to an award of attorney's fees as a sanction. *Rakusin v.*

2

> *Christiansen & Jacknin, P.A.*, 863 So. 2d 442, 445 (Fla. 4th DCA 2003).

*Id.* at 579. Like in *Hicks*, here the trial court failed to conduct an evidentiary hearing and failed to make any findings as to a reasonable hourly rate and reasonable number of hours.

Accordingly, we affirm the trial court's determination of entitlement to attorney's fees, reverse as to the amount, and remand for the trial court to conduct an evidentiary hearing and make specific findings as to the hourly rate and number of hours reasonably expended.

*Affirmed in part, reversed in part, and remanded.*

KLINGENSMITH and KUNTZ, JJ., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***