## DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
### FOURTH DISTRICT

**PHILIP MORRIS USA INC.,**
Appellant,

v.

**ROBERT A. GORE, SR.,** individually, and as Personal Representative of
the **ESTATE OF GLORIA H. GORE,**
Appellee.

No. 4D20-932

[August 10, 2022]

Appeal and cross-appeal from the Circuit Court for the Nineteenth Judicial Circuit, Indian River County; Janet Croom, Judge; L.T. Case No. 312008CA010052.

David M. Menichetti and Geoffrey J. Michael of Arnold & Porter Kaye Scholer LLP, Washington, D.C., and Terri L. Parker of Shook, Hardy & Bacon LLP., Tampa, for appellant.

Andrew A. Harris and Grace Mackey Streicher of Harris Appeals, P.A., Palm Beach Gardens, and Jason L. Odom of Gould, Cooksey, Fennell, P.A., Vero Beach, for appellee.

**ON MOTIONS FOR REHEARING**

PER CURIAM.

Appellee's motion for rehearing, motion for clarification and motion for rehearing en banc are denied.

KLINGENSMITH, C.J., and KUNTZ, J., concur.
ARTAU, J., dissents with opinion.

ARTAU, J., dissenting.

I respectfully dissent from the denial of the appellee's motion for rehearing, motion for clarification and motion for rehearing en banc based on the well-established principles of waiver and preservation of error because the issue of how many attorney hours were reasonably expended

litigating this case was stipulated by the parties and never presented to the trial court for its determination. *See, e.g., DM Records, Inc. v. Tpk. Commercial Plaza, Phase II, Condo. Ass'n, Inc.*, 894 So. 2d 1030, 1031 (Fla. 4th DCA 2005) ("In hearings to determine the amount of attorney's fees, there is often no dispute as to what is a reasonable number of hours . . . . If we were to allow these issues to be raised for the first time on appeal, where there was no objection in the trial court, it would be unfair to the party seeking fees and the trial judge and result in unnecessary appeals."); *see also, e.g., YAU v. IWDWarriors, Corp.*, 144 So. 3d 557, 561 (Fla. 1st DCA 2014) (holding that awards of attorney's fees "fall outside the category of what might constitute fundamental error in a civil case").

Moreover, since we affirmed the trial court's statutory interpretation determining that neither section 46.015, Fla. Stat. (2020), nor section 768.041, Fla. Stat. (2020), entitled appellant to a setoff for the attorney's fees paid by a settling co-defendant, the trial court lacked statutory authority to address any asserted issue of double recovery for attorney time litigating this case by way of a setoff. *See, e.g., Hayes v. State*, 750 So. 2d 1, 4 (Fla. 1999) ("We are not at liberty to add words to statutes that were not placed there by the Legislature." (citing *In re Order on Prosecution of Crim. Appeals*, 561 So. 2d 1130, 1137 (Fla. 1990))). Accordingly, in my view the motions for rehearing should be granted.

\* \* \*

***Final Upon Release; No Motion for Rehearing Will Be Entertained.***

2