George E. BAILEY, Plaintiff,

v.

Marvin T. RUNYON, Postmaster General, Defendant.

No. 4–96–325 DSD JMM.

United States District Court, D. Minnesota.

May 26, 1999.

sons stated, the court awards attorney's fees in the amount of $2,000.

## BACKGROUND

The court has reviewed the procedural background underlying this litigation on numerous occasions. In a decision filed February 8, 1999, the Eighth Circuit Court of Appeals reversed this court's November 4, 1997, post-trial order granting defendant's motion for judgment as a matter of law and denying plaintiff's motion for judgment as a matter of law or for a new trial on the issue of damages. *See Bailey v. Runyon*, 167 F.3d 466 (8th Cir.1999). On March 4, 1999, plaintiff filed a motion for a new trial on the issue of damages (Docket No. 75). In an order dated March 31, 1999, the court denied plaintiff's motion for a new trial on the issue of damages, but found that plaintiff was entitled to nominal damages in the amount of one dollar and to reasonable attorney's fees and costs. The March 31st order instructed plaintiff to submit all materials in support of fees and costs within 30 days. The court subsequently granted an extension to plaintiff until May 14, 1999, to submit such materials. *See* Docket No. 79.

After receiving an extension of time in which to file attorney's fees materials but before doing so, plaintiff filed a notice of appeal with the Eighth Circuit, contesting the court's denial of his motion for a new trial on the issue of damages and the award of nominal damages. *See* Docket No. 82. Plaintiff's counsel thereafter submitted to this court his statement of attorney's fees (Docket No. 83) and the government filed its response (Docket No. 85).

## DISCUSSION

Before addressing plaintiff's request for attorney's fees, a preliminary question concerning the court's continuing jurisdiction in this matter deserves attention. In its March 31, 1999, order, the court did not enter judgment for either party. Indeed, the court's intent was to resolve the outstanding attorney's fee issue before enter-

Jesse Gant, III, Gant Law Office, Minneapolis, MN, George E Bailey, Lakeville, MN, for George E Bailey, plaintiff.

Mary Jo Madigan, U.S. Attorney, Minneapolis, MN, Vanessa M Mays, Law Department, Birmingham, MI, for Marvin T Runyon, Jr, U.S. Post Office, defendants.

## ORDER

DOTY, District Judge.

This matter is before the court on plaintiff's petition for an award of attorney's fees. Based on a review of the file, record, and proceedings herein, and for the rea-

ing judgment. Plaintiff, however, filed his notice of appeal of the March 31st order before the court had an opportunity to resolve the attorney's fee issue. The Eighth Circuit's jurisdiction to review this matter at this juncture is an issue left for that court.

■ Even if plaintiff properly appealed the March 31st order, this court may still rule on the pending attorney's fee issue. The Eighth Circuit has held that "[a] notice of appeal divests the district court of jurisdiction of 'those aspects of the case involved in the appeal.'" *Harmon v. U.S. Through Farmers Home Admin.*, 101 F.3d 574, 587 (8th Cir.1996) (quoting *Liddell v. Board of Educ. of City of St. Louis*, 73 F.3d 819, 822 (8th Cir.1996)). However, "where the issue of attorney fees is not before the court of appeals ... the district court may consider it." *Harmon*, 101 F.3d at 587 (citing cases). *See also Obin v. District No. 9 of Intern. Ass'n of Machinists & Aerospace Workers*, 651 F.2d 574, 583 (8th Cir.1981) ("[T]here can be no question that the district courts retain jurisdiction to rule upon [attorney's fees] motions notwithstanding entry of a judgment resolving the merits of the action."); *Temple v. WISAP USA in Texas*, 152 F.R.D. 591, 616 ("[A] district court retains jurisdiction over collateral matters, such as motions requesting Rule 11 sanctions and motions requesting attorney's fees, even when final judgment on the underlying action has been entered and is pending on appeal."). Because the attorney's fee issue is a collateral matter and because it is not a subject of plaintiff's notice of appeal, the court will determine the appropriate fee in this case.

■ As the court has already noted, in a Title VII case reasonable attorney's fees are appropriately awarded to the "prevailing party." *See* 42 U.S.C. § 2000e–5(k); *Parton v. GTE North, Inc.*, 971 F.2d 150, 155; *Bales v. Wal–Mart Stores, Inc.*, 972 F.Supp. 483, 491 (S.D.Iowa 1997), *aff'd*, 143 F.3d 1103 (8th Cir.1998); *Hatley v. Store Kraft Mfg. Co.*, 859 F.Supp. 1257, 1266 (D.Neb.1994). A plaintiff awarded nominal damages may be considered a prevailing party. *Parton*, 971 F.2d at 155.

■ The court's starting point in determining a fee award is a determination of the "lode star" amount, calculated by multiplying the reasonable number of hours worked by counsel by a reasonable hourly rate for that attorney's services. *See Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983); *Baufield v. Safelite Glass Corp.*, 831 F.Supp. 713, 720 (D.Minn.1993). A party seeking an award of fees should submit evidence supporting the hours worked and rates claimed. Where the documentation of hours is inadequate, the district court may reduce the award accordingly. *See Hensley*, 461 U.S. at 433, 103 S.Ct. 1933. Hours that were not "reasonably expended" should also be excluded. *See id.* at 434, 103 S.Ct. 1933. In ascertaining what constitutes a "reasonable hourly rate," the court must consider the " 'ordinary fee for similar work in the community.'" *Baufield*, 831 F.Supp. at 721 (quoting *Gopher Oil Co., Inc. v. Union Oil Co. of California*, 757 F.Supp. 998, 1008 (D.Minn.1991), *remanded in part*, 955 F.2d 519 (8th Cir.1992)).

■ In calculating a reasonable fee, the court may also consider a number of other factors in determining the total fee award. These factors were long ago enumerated by the Eighth Circuit: (1) the time and labor required; (2) the novelty or difficulty of the issues; (3) the skill required of the attorney to properly perform legal services; (4) preclusion of other employment due to acceptance of the case; (5) the attorney's customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or circumstances; (8) the experience, reputation, and ability of the attorney; (9) the undesirability of the case; (10) the nature and length of the professional relationship with the client; and (11) awards in similar cases. *See Zoll v. Eastern Allamakee Community School Dist.*, 588 F.2d 246, 252 n. 11 (8th Cir.1978).

■ Finally, the court must consider the success achieved by plaintiff. "[W]here the plaintiff achieved only limited success, the district court should award only that amount of fees that is reasonable in relation to the results obtained." *Hensley,* 461 U.S. at 433, 103 S.Ct. 1933; *see also Jenkins v. State of Mo.,* 127 F.3d 709, 716 (8th Cir.1997) ("The most important factor in determining what is a reasonable fee is the magnitude of the plaintiff's success in the case as a whole.").

■ As a preliminary matter, it should be noted that counsel for plaintiff ·was clearly advised on two separate occasions to properly support his petition for fees and costs. In the March 31st order, the court explicitly asked counsel to review *Hensley* and its progeny before submitting materials in support of a fee award for a review of the standards the court must follow in granting a "reasonable" fee and costs. *See* order dated March 31, 1999 (Docket No. 78) at 7–8. Counsel was reminded in the April 20, 1999, order "to review relevant Supreme Court and Eighth Circuit decisions dealing with the award of fees and costs, as the court will not engage in a 'fishing expedition' in determining the appropriate award in this case." *See* order dated April 20, 1999 (Docket No. 79) at 2.

Despite the court's admonitions, plaintiff has filed nothing more than a "Statement of Attorney Fees" indicating that:

> Pursuant to the Court's above-referenced orders, Plaintiff is submitting to this Court a three (3) page statement and listing of attorney hours spent on this case, including time expended on the appeal process. With the hours being 426.7 at a rate of $200.00 an hour, comes to a total of $85,740.00, for which plaintiff is claiming.

Attached to this "statement" are the court's March 31st and April 20th orders and a three page summary of hours logged by counsel in this matter. Counsel cites no law in support of his petition for fees; indeed, counsel's submission ·calls into question whether he read *Hensley* and its progeny as advised by the court before submitting his petition.

In his "Statement," counsel informs the court that his hourly rate was $200 in this case. Counsel provides no insight as to how he set this rate, nor does he provide any information regarding the hourly rate charged by other attorneys with similar experience. Indeed, counsel fails to provide any basis to substantiate this high hourly rate, which is considerably higher than that charged by other attorneys practicing in this area.

Counsel's summary of hours billed is also wholly inadequate. His descriptions for various entries include ambiguities such as "Postal EEO," "EEOC Claim," and "Union Involvement." There is no indication what counsel did on these and other occasions. In contrast, counsel bills an inordinate amount of time for such matters as "Review/Witness Testimony," "Review Postal Procedures," and "Review/Client Case History." The amount of time spent on these and other matters is questionable. For example, counsel expended 6 hours on "Pre-trial prep" on March 24, 1997, and 3.5 more hours on April 2, 1997, despite the fact that discovery did not close until May 1, 1997, and was ongoing at that time. Indeed, of the 164.5 hours summarized on the first page of counsel's summary, all but 28 hours were expended conducting some kind of "review" or "pre-trial prep." As a further example of the questionable records kept by counsel, his summary of hours worked indicates:

| 8/27/97 | Prep for trial | 6.95 |
| 8/27/97 | Trial prep and review | 9.5 |
| 8/27/97 | Review an prep or trial | 4 |

Perhaps three different entries and descriptions are necessary to justify billing 20.45 hours for trial preparation on one day; however, such record-keeping does · not allow the court to properly review the time expended by counsel on this matter to determine an appropriate fee. The court is therefore unable to realistically assess

what hours were reasonably expended in pursuit of plaintiff's claim.

Indeed, because of the inadequacy of the records submitted by counsel, the court is unable to evaluate a number of factors usually taken into account in determining the appropriate fee. Counsel has provided no information on his customary fee, whether such fee is fixed or contingent, the time limitations imposed on counsel by his client or the circumstances of this case, preclusion of other employment, the nature of counsel's relationship with his client, and awards recovered by counsel in similar cases. Without such information, the court is unable to evaluate the risk taken by counsel in pursuing this case. It should, however, be noted that counsel did not note his appearance until April 25, 1997. Plaintiff had filed the Complaint in this matter over a full year before, on April 12, 1996. The court can therefore infer that counsel, when presented with the case, found it desirable, or he would not have agreed to prosecute it through trial.

The court is, however, in a position to evaluate the skill normally required of attorneys to properly perform legal services and the performance of counsel in this particular case. Counsel's written submissions to the court were sloppy and appeared to be hastily completed. Such papers contained numerous spelling and grammatical errors and were often directed to the wrong place. Despite the numerous hours allegedly spent by counsel in "trial preparation," at trial counsel often seemed unprepared and disorganized. Counsel did not appear to have discussed the case with his subpoenaed witnesses before they testified. The court does not enjoy making these observations, but ultimately it is the client who suffers.

The court has also considered the overall lack of success achieved by counsel on behalf of plaintiff. Here, although the jury found that plaintiff was subjected to sexual harassment and that defendant failed to act after receiving actual or constructive notice of such harassment, the jury also concluded that plaintiff had not suffered any damages as a result of the harassment. Thus, as pointed out by defendant, although plaintiff prevailed on the underlying legal issue, this was nothing more than a "technical" or "moral" victory. The Supreme Court has noted that "[i]n a civil rights suit for damages ... the awarding of nominal damages also highlights the plaintiff's failure to prove actual, compensable injury." *Farrar v. Hobby,* 506 U.S. 103, 115, 113 S.Ct. 566, 121 L.Ed.2d 494 (1992). The Court went on to comment that "[w]hen a plaintiff recovers only nominal damages because of his failure to prove an essential element of his claim for monetary relief ... the only reasonable fee is usually no fee at all." *Id.* The Eighth Circuit has held that a district court does not abuse its discretion when it fails to award attorney's fees after awarding a plaintiff only nominal damages. *Milton v. Des Moines, Iowa,* 47 F.3d 944, 946 (8th Cir.1995), *cert. denied,* 516 U.S. 824, 116 S.Ct. 87, 133 L.Ed.2d 44 (1995).

After considering all of these factors, the court determines that the appropriate fee in this case is $2,000. This limited fee largely reflects the poor results achieved in this case and the carelessness and poor quality of much of counsel's work. Because counsel has submitted no information concerning costs, none will be awarded.

## CONCLUSION

Based on a review of the file, record, and proceedings herein, the court concludes that plaintiff's counsel should receive $2,000 in attorney's fees in this matter. Therefore, **IT IS HEREBY OR-DERED** that plaintiff's "Statement of Attorney's Fees" (Docket No. 83) is granted as modified. Defendant is liable for attorney's fees in the amount of $2,000.